Slip Op. 13 - 147

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| SUNTEC INDUSTRIES CO., LTD., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Before: R. Kenton Musgrave, Senior Judge |
| | : | Court No. 13-00157 |
| UNITED STATES, | : | |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| MID CONTINENT NAIL CORP., | : | |
| | : | |
| Defendant-Intervenor. | : | |
| | : | |

### OPINION AND ORDER

[Denying motion to dismiss for lack of subject matter jurisdiction under 28 U.S.C. § 1581(i) and denying motion to dismiss for failure to state a claim for which relief can be granted.]

Dated: December 6, 2013

*Mark B. Lehnardt*, Attorney, Lehnardt & Lehnardt LLC, of Liberty, MO, and Brian R. Soiset, Attorney, of Shanghai, PRC, for the plaintiff.

*Stephen C. Tosini*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington DC, for the defendant. On the brief were *Stuart F. Delery*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, and *Tara K. Hogan*, Senior Trial Counsel. Of counsel on the brief was *Nathaniel J. Halvorson*, Attorney, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of Washington DC.

*Adam H. Gordon*, *Jordan C. Kahn*, and *Nathan W. Cunningham*, Attorneys, Picard, Kentz & Rowe, LLP, of Washington DC, for the defendant-intervenor.

Musgrave, Senior Judge:   The complaint claims jurisdiction under 28 U.S.C. §

1581(i) challenging the initiation of *Certain Steel Nails from the People's Republic of China; Final*

*Results of Third Antidumping Administrative Review*; 2010-2011, 78 Fed. Reg. 16651 (Mar. 18,

2013) ("*AR3 Final*"), on the ground of improper notice to the plaintiff.   The defendant moves to

dismiss for lack of subject-matter jurisdiction under USCIT Rule 12(b)(1) or alternatively for failure

to state a claim upon which relief may be granted under Rule 12(b)(5).   The court denies both

motions.

*Background*

Prior to *AR3 Final*, the plaintiff, Suntec Industries Co., Ltd. ("Suntec"), participated

in the antidumping investigation and filed a separate rate application therein.   The domestic

petitioner Mid Continent Nail Corporation requested administrative review of Suntec (and others)

for the first and second periods but subsequently withdrew those requests after Suntec filed separate

rate certifications in each review.   Compl. ¶¶ 6, 9-10.

On August 1, 2011, Commerce published a notice in the Federal Register of the

opportunity to request review of companies subject to antidumping duty orders with anniversary

dates of that month.   *Antidumping or Countervailing Duty Order, Finding, or Suspended*

*Investigation; Opportunity to Request Administrative Review*, 76 Fed. Reg. 45773 (Aug. 1, 2011)

("Not later than the last day of August 2011, interested parties may request administrative review

of the following orders, findings, or suspended investigations, with anniversary dates in August for

the following periods: . . . Steel Nails, A-570-909 8/1/10-7/31/11").   The petitioner again requested

review of numerous companies for *AR3 Final*, including Suntec.  Compl. ¶¶ 11-22.  Suntec did not

file a separate rate certification, and the petitioner did not withdraw its request for review of Suntec.

On October 3, 2011, Commerce published a notice of initiation in the Federal

Register.  *Initiation of Antidumping and Countervailing Duty Administrative Reviews and Requests*

*for Revocations in Part*, 76 Fed. Reg. 61076 (Oct. 3, 2011) (*"AR3 Initiation"*).  Commerce

announced as follows: "we are initiating administrative reviews of the following antidumping and

countervailing duty orders and findings" including "*Certain Steel Nails*, A-570-909" from the

People's Republic of China ("PRC"), 76 Fed. Reg. at 61076-77.  Among the companies listed in the

initiation notice, Commerce included "Suntec Industries Co., Ltd."   *Id.* at 61077.  Commerce

advised:

> All firms listed below that wish to qualify for separate-rate status in the
> administrative reviews involving [nonmarket economy] countries must complete, as
> appropriate, either a separate-rate application or certification . . .  For these
> administrative reviews, in order to demonstrate separate-rate eligibility, the
> Department requires entities for whom a review was requested, that were assigned
> a separate rate in the most recent segment of this proceeding in which they
> participated, to certify that they continue to meet the criteria for obtaining a separate
> rate.

76 Fed. Reg. at 61077.  Although it was assigned a separate rate in the second segment of the

antidumping duty proceeding, Suntec did not submit a certification in the instant review to

demonstrate that it continued to satisfy the criteria for obtaining a separate rate.  Compl. ¶¶ 6-11, 22-

23.

Commerce published its preliminary results on September 4, 2012 in the Federal

Register, listing Suntec under the heading "Companies that did not apply for separate rates and are

considered to be part of the PRC-wide entity" and assigning the PRC-wide rate of 118.04% to Suntec

as part of the PRC-wide entity. *See Certain Steel Nails from the People's Republic of China*, 77 Fed. Reg. 53845, app. IV (Sep. 4, 2012) (admin. review prelim. results).  Commerce also invited parties to submit case briefs and written comments within thirty days of publication of the preliminary results.

Commerce published the final results of *AR3 Final* on March 18, 2013.  78 Fed. Reg. 16651 (March 18, 2013).  Several other respondents brought challenges within 30 days of publication of the final results pursuant to 28 U.S.C. § 1581(c), but Suntec was not among them. On April 18, 2013 (31 days after publication of *AR3 Final*), it filed its complaint here.

*Standard of Review*

On a motion to dismiss for lack of jurisdiction, the factual allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true. *Shoshone Indian Tribe of the Wind River Reservation v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012).  In deciding such a motion, a court may review evidence extrinsic to the pleadings. *Id*. If a defendant challenges jurisdiction, the plaintiff cannot rely merely upon allegations in the complaint, but must bring forth relevant, competent proof to establish jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936).  A court also has an independent duty to assure that jurisdiction is proper. *See Yang v. I.N.S.*, 109 F.3d 1185,1192 (7th Cir. 1997) (a court has jurisdiction to determine whether it has jurisdiction).

On a motion to dismiss for failure to state a claim, the court must decide whether the complaint raises factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint has "facial plausibility"

when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the complaint contains well-pled factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.  That task is "context-specific" and "requires the reviewing court to draw on its judicial experience and common sense." *Id.*  In the process, the court may also consider matters of public record. *Sebastian v. United States*, 185 F.3d 1368, 1374 (Fed. Cir. 1999).

        28 U.S.C. § 1581 provides a waiver of sovereign immunity over the specified classes of cases. *Humane Soc'y of the United States v. Clinton*, 236 F.3d 1320, 1328 (Fed. Cir. 2001).  Waivers of sovereign immunity are strictly construed, and any ambiguities must be resolved in favor of immunity. *See Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983); *see also United States v. Mitchell*, 445 U.S. 535, 538 (1980).  Claims brought under 28 U.S.C. § 1581(i) are reviewed as provided in section 706 of the Administrative Procedure Act, 5 U.S.C. § 706, *see* 28 U.S.C. § 2640(e), pursuant to which the court examines whether agency action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right . . . without observance of procedure required by law". 5 U.S.C. § 706(2)(A)-(D).  The scope of review under that standard is narrow. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  Where the agency whose action is under review shows a "rational connection between the facts found and the choice made," the court will not substitute its own judgment for that of the agency. *See id.*, quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962).  Further, an agency's decision "of less

than ideal clarity" will be upheld if a court can reasonably discern how the agency arrived at that decision, *Bowman Trans., Inc., v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974) (internal citation omitted), but even if the decision is not arbitrary or capricious, it must still be "in accordance with law." *F.C.C. v. NextWave Pers. Commc'ns Inc.*, 537 U.S. 293, 300 (2003), referencing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 413-14 (1971). This means all law. *Id.*

*Discussion*

I. Rule 12 (b)(1)

Suntec alleges that it never received notice from the petitioner of its request for the *AR3 Final* review as required by 19 C.F.R. § 351.303(f)(3)(ii), and that it first learned of *AR3 Final* (and being subjected to it) when one of its importers sent Suntec an email on March 8, 2013. Compl. ¶¶ 11-23. Suntec's complaint asserts jurisdiction pursuant to 28 U.S.C. § 1581(i) and states that "[t]his action is based upon the implication of a complete failure of notice," and that "[t]he legal issue is whether Commerce is required not to initiate an administrative review and not apply the final results of an administrative review if the additional notice requirement of 19 C.F.R. § 351.303(f)(3)(ii) has not been satisfied [ ] and the affected exporter otherwise does not receive constructive or actual notice of the review request." Compl. ¶ 33 (emphasis omitted). The defendant attempts to recast Suntec's claim into one that seeks to challenge the results of *AR3 Final* itself, but the attempt fails.

Residual jurisdiction in 28 U.S.C. § 1581(i) may not be invoked if jurisdiction under another section of section 1581 "is or could have been available" or the remedy provided under

another 1581 subsection would be "manifestly inadequate." *E.g., Consol. Bearings Co. v. United States*, 348 F.3d 997, 1002 (Fed. Cir. 2003) (citation omitted).  Section 1581 confers jurisdiction based upon the type of administrative decision that is being challenged and not based upon the ultimate relief sought.[1]  *See, e.g.*, *Canadian Wheat Bd. v. United States*, 641 F.3d 1344, 1351 (Fed. Cir. 2011) (section 1581 "gives the court 'exclusive jurisdiction' to review eight different types of 'civil action[s]' listed in subsections (a) thorough (h)").  The jurisdictional inquiry is controlled by the legal conclusion that is actually being challenged in the pleadings.  *See, e.g.*, *Shinyei Corp. of America v. United States*, 355 F.3d 1297, 1309 (Fed. Cir. 2004) ("a challenge to Commerce instructions on the ground that they do not correctly implement the published, amended administrative review results, is not an action defined under [19 U.S.C. § 1516a]").  A claim challenging the lawfulness of the decision to initiate an administration review including a particular respondent falls within the "administration and enforcement" provision of section 1581(i).  *See, e.g.*, *Ass'n Colombiana de Exportadores de Flores v. United States*, 13 CIT 584, 717 F. Supp. 847 (1989); *see also Nissan Motor Corp. v. United States*, 10 CIT 820, 651 F. Supp. 1450 (1986).

        The defendant's reply distinguishes *Associacion and Nissan* on the basis that the challenges were brought before the administrative review at issue had been made final and that

---

[1]   On a motion to dismiss for lack of subject matter jurisdiction under subsection (i), therefore, it is incorrect to focus on the relief sought and not the avenue of the remedy.  *Cf.* Def.'s Mot. at 1 (italics added) ("[b]ecause Suntec could have sought *relief* pursuant to 28 U.S.C. § 1581(c) within 30 days of the publication of the final results, this court should dismiss the complaint"), at 4-5 ("[s]ection 1581(i) may only be invoked when adequate *relief* cannot be obtained pursuant to another subsection of section 1581"), at 5 ("Suntec could have sought *relief* pursuant to 28 U.S.C. § 1581(c), under which provision it would have had an adequate remedy"), at 7 ("[t]he ultimate *relief* that Suntec seeks is a reversal of Commerce's determination of the antidumping duty rate assigned to Suntec in the final results"), and at 11 ("Suntec fails to indicate what, if any, *relief* would be available to it under section 1581(i) that would not have been available under 1581(c)").

postponing adjudication until the final results would have been unfair to the complaining party.  The

defendant further contends that for the parties in *Associacion and Nissan* "the *future* availability of

jurisdiction pursuant to section 1581(c) resulted in a manifest inadequacy because such jurisdiction

was, at the time of litigation, unavailable to address ongoing reviews."  Def.'s Reply at 3 (italics in

original).  Here, however, the defendant contests that "[S]untec seeks a second opportunity to

participate in, and alter the results of, the administrative review, despite its lack of participation in

the first instance."  *Id.* at 4.

       The argument raises a hypothetical that is not the subject of this litigation.  The

plaintiff does not seek to alter the results of the administrative review but to rescind it altogether with

respect to Suntec.  The government relies on *JCM v. United States*, 210 F.3d 1357 (Fed. Cir. 2000)

for its proposition, but that case involved a challenge to receive refund of provisional antidumping

duties that could only have been received through participation in a proceeding over which section

1581(c) governed the proper remedy therefor; consequently, the plaintiff's challenge in that case,

which invoked jurisdiction under section 1581(i), was dismissed for lack of subject matter

jurisdiction.

       Regarding the alternatively alleged failure to state a claim for which relief can be

granted, the defendant also argues that because jurisdiction pursuant to 28 U.S.C. § 1581(c) to

challenge the final results of *AR3 Final* itself "could have been available" if Suntec had participated

in proceedings and challenged the final determination within 30 days of publication of the final

results,[2]  Suntec has failed to state a claim for which relief can be granted.  Again, however, that

---

[2]  *See, e.g.*, *Shinyei Corp. of Am. v. United States*, 355 F.3d at 1304-05; *see also* 28 U.S.C.
(continued...)

hypothetical pertains to a section 1581(c) challenge, not a section 1581(i) challenge, and is therefore

irrelevant in this case.

   For the reason discussed *supra*, and to the extent Suntec is here only challenging

Commerce's decision to initiate review of it in spite of noncompliance with its notice regulation, the

court concludes it possesses jurisdiction to hear Suntec's challenge under section 1581(i).

II.  Rule 12 (b)(5)

   The defendant also argues that Suntec fails to state a claim because it received

adequate notice when Commerce published notice of the *AR3 Initiation* in the Federal Register, and

as a matter of law Suntec is charged with knowledge of the constructive notice provided by this

publication.  Def.'s Mot. at 13  The argument does not directly address Suntec's contention that it

had no actual notice of the *AR3 Final* request for review because the petitioners did not personally

serve Suntec as required under 19 C.F.R. § 351.303(f)(3)(ii), and that as a result, publication of the

initiation in the Federal Register did not suffice as constructive notice of the *AR3 Initiation*.  The

plaintiff alleges that Commerce failed to ensure that Suntec was provided due process of law by

initiating the review notwithstanding petitioners' deficient service.  *See* Compl. ¶¶ 28, 32, 45.

A. Initiation of *AR3 Final* Without 19 C.F.R. § 351.303(f)(3)(ii) Personal Service
  Requirements

   A request for administrative review, and a notice of initiation of such a review, are

two distinct processes.  19 U.S.C. § 1675(a) states that Commerce will initiate a review, "*if a request*

---

[2] (...continued)
§ 1581(i) (providing that "[t]his subsection shall not confer jurisdiction over an antidumping or
countervailing duty determination which is reviewable by the Court of International Trade under [19
U.S.C. § 1516a]").

*for such a review has been received* and *after publication of notice of such review in the Federal Register*" (italics added) and requires that Commerce ensure both processes are "lawfully" completed prior to commencing a review.   The notice required for a "lawful" review request is not addressed in 19 U.S.C. § 1675(a), and this ambiguity indicates that Congress delegated the determination of notice methods for review requests to Commerce.  *Cf. Carl v. U.S. Sec'y of Agric.*, 36 CIT __, 839 F. Supp. 2d 1351, 1354 (2012) ("[t]he TAA notice provision lacks specificity about the type and manner of notice required, meaning that Congress left gaps for the agencies to fill").

        In promulgating 19 C.F.R. § 351.303(f)(3)(ii), Commerce set the procedural rules and service of process mechanisms for requests for review, and Commerce must abide by its constraints. *Cf. Vitarelli v. Seaton*, 359 U.S. 535, 547 (1959) (Frankfurter, J., concurring in part and dissenting in part) (recognizing a "judicially evolved rule of administrative law" that "he who takes the procedural sword shall perish with that sword"), referenced by *Guangdong Chems. Imp. & Exp. Corp. v. United States*, 30 CIT 85, 90 414 F. Supp. 2d 1300, 1306 (2006).  The regulation requires that a petitioner who files a request for an administrative review of an antidumping order with Commerce "*must* serve a copy of the request by personal service or first class mail on each exporter or producer specified in the request . . . by the end of the anniversary month or within ten days of filing the request for review, whichever is later." (italics added).  If the petitioner is "unable to locate a particular exporter or producer . . . the Secretary *may* accept the request for review if the Secretary is satisfied that the party made a reasonable attempt to serve a copy of the request on such person." A petitioner that files a review request also "*must* include a certificate of service listing each person served (including agents), the type of document served, and the date and method of service on each

person" to Commerce, and "[t]he Secretary *may* refuse to accept any document that is not accompanied by a certificate of service."  19 C.F.R. § 351.303(f)(2) (italics added).

When a regulation is at issue, the plain meaning of a regulation governs, unless the language is ambiguous, and courts may then defer to an agency's reasonable interpretation thereof. *Christensen v. Harris Cnty.*, 529 U.S. 576, 588 (2000), cited by *Wards Cove Packing v. Nat'l Marine Fisheries*, 307 F.3d 1214, 1219 (9th Cir. 2002).  The court determines that the language of the regulation is unambiguous and entitles Suntec, an exporter specified in the antidumping review, to receive "actual notice" of review requests by petitioner, through personal service of notice mechanisms.[3]  The regulation mandates that a petitioner who files a request for review with Commerce also serve a copy of the request on the exporter or producer itself,[4] and comply with clear service delivery requirements.  It further requires that the petitioner provide Commerce with a certificate of service listing each person served when it files a review request.  Commerce has discretion to accept a request that admits deficient service and initiate a review in response to the request if the exporter or producer cannot be located and the Secretary is satisfied that petitioners made a "reasonable attempt to serve a copy" of the review request.  If the petitioner can locate the exporter or producer but fails to serve it, and provides no indication to Commerce in the certificate

---

[3] "Actual notice" is a legal term of art which refers to "notice given directly to, or received personally by, a party" and for a request for review in the case before us it must be achieved through personal service by the petitioner.  *See Dusenbery v. United States*, 534 U.S. 161, 169 n. 5 (2002), referencing *Black's Law Dictionary 1087* (7th ed.1999).

[4] *Compare* 19 C.F.R. § 351.303(f)(3)(ii) (requiring parties to serve a copy of the request "on each exporter or producer specified in the request".)*, with* 19 C.F.R. § 351.303(f)(3)(i) (service requirements for serving a brief, where serving on an agent is explicitly listed as a service option for petitioners); *see also* 19 C.F.R. § 351.303(g) (discussing certifications and referring specifically to "legal counsel or another representative" when addressing certification requirements.).

of service or by other means that a reasonable attempt to serve the exporter or producer was made, Commerce cannot "lawfully" accept a request for review or initiate a review in response to a request under 19 U.S.C. § 1675(a).

Taking the well-pled allegations of the complaint as true, Suntec was not provided the actual notice to which it was entitled under 19 C.F.R. § 351.303(f)(3)(ii), and Commerce's initiation of *AR3 Final* as to Suntec was unlawful. It is uncontested that petitioners knew of Suntec's location as a result of the public record of prior proceedings in the review, but still did not serve Suntec in compliance with the regulation. Compl. ¶¶ 3-24, Pl.'s Resp. at 17-18. *See Guangdong Chems. Imp.*, 30 CIT at 88-89, 414 F. Supp. 2d at 1304-05. The facts pled concern a review initiated in response to request, not a self-initiated review by Commerce, and there is no indication that after requesting the review the petitioners notified Commerce they could not locate Suntec, or that a reasonable attempt was made to serve a copy of the review request directly on Suntec.[5]  Instead, petitioners submitted a facially deficient certificate of service to Commerce claiming service on "Behalf of Suntec" and 13 other exporters was made on an attorney in the PRC who was no longer representing Suntec. Compl. ¶ 13, Pl.'s Resp. at 7-8. In this instance, the conditions precedent to validly initiating *AR3 Final* as to Suntec were lacking, and Commerce violated the regulation it

---

[5]  The *Transcom* case, upon which Commerce relies on for its contention that a review may be initiated after receipt of a request therefor regardless of any imperfect service, was decided under the prior version of the regulation, which did not require actual service of individuals requesting review. *See Transcom, Inc. v. United States*, 294 F.3d 1371, 1379 (Fed. Cir. 2002), referencing 19 C.F.R. § 353.22(a)(c)); *see also* Antidumping Duties; Countervailing Duties, 61 Fed. Reg. 7308, 7326 (Feb. 26, 1996) ("Paragraph (f)(3)(ii) is new, and clarifies the requirements for service of requests for review.").

promulgated by initiating a review of Suntec after it received a certificate of service indicating

petitioners did not comply with the service requirements of 19 C.F.R. § 351.303(f)(3)(ii).

    B.  Relief Available re Constructive Notice of Review Initiation

        1.  Suntec Received Sufficient Constructive Notice of the Initiation

        Suntec requests that as a result of Commerce's unlawful initiation of *AR3 Final* the

court invalidate the *AR3 Final* results as to Suntec, and it is to that relief this court now turns.

Compl. ¶¶ 42-45, referencing 5 U.S.C. §§ 702, 706.  Suntec argues that as a result of the petitioners'

defective service of notice upon it, the constructive notice provision of 44 U.S.C. § 1507 did not

become operable when Commerce published the *AR3 Initiation* in the Federal Register, as such

publication could not remedy a failure to enforce the actual notice requirements of 19 C.F.R. §

351.303(f)(3)(ii).  *See* Compl. ¶ 29, referencing 44 U.S.C. § 1507 (publication in the Federal

Register is ineffective notice if "service by publication is insufficient in law").  The plaintiff alleges

that as a result it had no notice of *AR3 Final*, and Commerce failed to ensure that Suntec was

provided due process of law when it unlawfully initiated *AR3 Final*. Compl. ¶¶ 28-33, 45.

        The problem with Suntec's argument is that it commingles two separate notices: the

notice of a request for review, and the notice of the initiation of the review.   19 C.F.R. §

351.303(f)(3)(ii) requires the petitioner to provide Suntec with actual notice of a request for review,

and 19 U.S.C. § 1675(a) requires that Commerce provide notice of the initiation of the review

through publication.  For the latter, "Congress has directly spoken to the precise question" and

unambiguously provided the mechanism of constructive notice through publication in the Federal

Register to notify an interested party a review is being initiated. 19 U.S.C. § 1675(a) ("if a request

for such a review has been received and after publication of notice of such review in the Federal

Register," Commerce "shall . . . review").  *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council,*

*Inc.*, 467 U.S. 837, 842 ("[i]f the intent of Congress is clear, that is the end of the matter").

Publication in the Federal Register is a familiar method of providing notice to parties of actions in

antidumping proceedings.[6]  As a participant who filed a separate rate certification in the two previous

annual review periods concerning the same subject merchandise, Suntec has a continuing obligation

to monitor the Federal Register for actions that affect its interests.[7]  Compl. ¶¶ 3-10.  The publication

of the *AR3 Initiation* in the Federal Register provided sufficient constructive notice to Suntec that

its entries may be affected by the third administrative review, and Suntec cannot choose to disclaim

such constructive notice provided through publication.  *See Royal United Corp. v. United States*, 34

CIT__, 714 F. Supp. 2d 1307, 1318 (2010) (an experienced importer had "more than sufficient

constructive notice" by published Federal Register statement concerning all unnamed exporters

conditionally covered by potentially revised antidumping rate that its entries could be affected by the

administrative review); *see also Transcom, Inc. v. United States*, 24 CIT 1253, 1263, 121 F. Supp.

---

[6] *Int'l Trading Co. v. United States*, 281 F.3d 1268, 1275-76 (Fed. Cir. 2002) (listing the applicable antidumping statute sections that provide for notice through Federal Register publication). *See Huaiyang Hongda Dehydrated Vegetable Co. v. United States*, 28 CIT 1944, 1949 (2004) ("[a]ll industries or businesses availed of the 'substantial privilege' of doing business within the United States are chargeable with knowledge of its laws and the manner of their execution to maintain public order") (citations omitted); *see also Cathedral Candle Co. v. U.S. Int'l Trade Comm'n*, 27 CIT 1541, 1549 n.10, 285 F. Supp. 2d 1371, 1378 n.10 (2003) ("[i]t is well established by both statutes and cases that the publication of an item in the Federal Register constitutes constructive notice of anything within that item") (citations omitted).

[7] *See Huaiyang Hongda Dehydrated Vegetable Co.*, 28 CIT at 1949 ("prior involvement in antidumping duty proceedings concerning the same subject merchandise gives rise, *a fortiori*, to an interest in monitoring for publication of the annual notice of opportunity to request review.") (italics in original) (citation omitted).

2d 690, 701 (Nov. 07, 2000) ("[a]s a prominent member of the industry, Transcom was aware and

was expected to make itself aware of publications in the Federal Register"; publication put Transcom

on notice as well as provided it with the information necessary to determine if the "particular entries

in which it has an interest *may* be affected by the administrative review") (quoting *Transcom, Inc.*

*v. United States*, 182 F.3d 876, 882-83 (Fed. Cir. 1999) and adding italics), *aff'd*, 294 F.3d 1371

(Fed. Cir. 2002).

Suntec argues *Camp v. U.S. Bureau of Land Mgmt.*, 183 F.3d 1141, 1145 (9th Cir.

1999), supports its contention that Commerce's failure to enforce the personal service provisions of

19 C.F.R. § 351.303(f)(3)(ii) makes publication of the *AR3 Initiation* "insufficient in law" under 44

U.S.C. § 1507.  This case is not on point, however.  *Camp* held that the "contents of documents"

published in the Federal Register are "insufficient in law" when the agency involved had "*any*

independent legal duty to give notice by a means other than publication."[8]  *Id.* (italics added).

Neither the regulation nor the statute at issue in this case places an independent legal duty on

Commerce to provide notice of the contents of a notice of initiation to Suntec by any other means

than through publication in the Federal Register.  Thus, the petitioners' failure to provide actual

notice of the review request did not render the constructive notice of the *AR3 Initiation* provided by

Commerce to Suntec "insufficient in law" under 44 U.S.C. § 1507.

---

[8]  In *Camp* the government agency, BLM, was charged with an undisputed legal duty by the applicable regulation to send actual notice of the "proposed land transaction" to the plaintiffs and provide notice through publication in the Federal Register.  BLM's failure to provide actual notice for the same document's "contents" rendered notice in the Federal Register of the land transaction "insufficient in law."

This court must also reject Suntec's argument that the notice it received was inadequate to satisfy the requirements of the Due Process Clause of the Fifth Amendment. *See* Compl. ¶¶ 28, 32, 45. Commerce provided sufficient constructive notice of the *AR3 Initiation* through publication in the Federal Register, and the petitioner, as a private party, was not bound to provide constitutional due process protections for notice of a review request to another private party.[9]

2. Commerce's Discretion to Waive Regulatory Procedural Requirements

As a result of receiving sufficient constructive notice of the *AR3 Intitation*, Suntec was not "completely barred" from participating in the *AR3 Final* administrative review. On the other hand, as discussed *supra*, Commerce must receive a legally sufficient request for review that meets the personal service requirements under 19 C.F.R. § 351.303(f)(3)(ii) prior to initiating a review. If Suntec did not receive actual notice of a review request as required by regulation, and the petitioner provided Commerce with a certificate of service that properly reflected this deficient notice and offered no explanation of reasonable efforts or attempts to serve, and Commerce nonetheless initiated the administrative review, Suntec could, as it has in this case, allege it was injured as a result of administrative action that was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "without observance of procedure required by law." 5 U.S.C. § 706(A)&(D).

---

[9] *See, e.g.*, *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 527 (1987) (affirming lower court's ruling that a non-state actor cannot be "bound by the constraints of the Constitution"). *See also Transcom, Inc.*, 294 F.3d at 1380 (constructive notice of initiation was sufficient to give reasonable notice of review and accordingly constitutional due process requirements were satisfied), referencing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (notice is constitutionally sufficient if it is "[r]easonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.") (citations omitted).

But, Commerce's violation of 19 C.F.R. § 351.303(f)(3)(ii) does not, necessarily, render its choice to initiate the review undertaken pursuant thereto, or the subsequent results of the review, voidable. *See Huaiyang Hongda Dehydrated Vegetable Co.*, 28 CIT at 1949-50, referencing *Brock v. Pierce County*, 476 U.S. 253 (1986); *see also Intercargo Ins. Co. v. United States*, 83 F.3d 391, 396 (Fed. Cir. 1996); *see also Kemira Fibres Oy v. United States*, 61 F.3d 866, 871 (Fed. Cir. 1995). As a general principle, an agency may modify or relax its procedural rules, and subsequent agency action thereby is only voidable upon a "showing of substantial prejudice by the complaining party."[10]  To determine if Commerce's choice to unlawfully initiate *AR3 Final* should result in the recision of the *AR3 Final* results with respect to Suntec, a three-part inquiry derived from *Guangdong Chems. Imp.*, 30 CIT at 90-95, 414 F. Supp. 2d at 1305-10 and the Court of Appeals for the Federal Circuit in *PAM S.p.A. v. United States*, 463 F.3d at 1347-49 will be applied.[11]  First asked

---

[10]   It is well-established that "[i]t is always within the discretion of a court or an administrative agency to relax or modify its procedural rules adopted for the orderly transaction of business before it when in a given case the ends of justice require it.  The action of either in such a case is not reviewable except upon a showing of substantial prejudice to the complaining party." *Natl. Labor Relations Bd. v. Monsanto Chem. Co.*, 205 F.2d 763, 764 (8th Cir. 1953) (citations omitted), quoted by *Am. Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 539 (1970); *PAM S.p.A. v. United States*, 463 F.3d 1345, 1348 (Fed. Cir. 2006).

[11]   *Guangdong Chems. Imp.*, 30 CIT at 90-95, 414 F. Supp. 2d at 1305-10, provides an extensive and thorough analysis of the contrasting judicial approaches that were considered and reconciled when developing steps of the test via the following: *Am. Farm Lines*, 397 U.S. at 532; *Port of Jacksonville Maritime Ad Hoc Comm., Inc. v. U.S. Coast Guard*, 788 F.2d 705, 708 (11th Cir.1986)*; Alamo Express, Inc. v. United States*, 613 F.2d 96, 97-98 (5th Cir.1980); *United States v. Calderon-Medina*, 591 F.2d 529, 531 (9th Cir.1979); *Waldron v. INS*, 17 F.3d 511, 518 (2d Cir.1993); *Chong v. INS*, 264 F.3d 378, 390 (3d Cir.2001) (following *Waldron*); *Belton Indus., Inc. v. United States*; *Wilson v. Comm'r Soc. Sec.*, 378 F.3d 541, 547 (6th Cir.2004);  *Kemira Fibres Oy*, 61 F.3d at 866; *Intercargo Ins. Co.*, 83 F.3d at 394; *Lopez v. Fed. Aviation Admin.*, 318 F.3d 242, 247 (D.C. Cir.2003);  *Atteberry v. United States*, 27 CIT 1070, 1085-94 (2003) *vacated*, 31 CIT 133 (2007); *Cummins Engine Co. v. United States*, 23 CIT 1019, 1032-35, 83 F. Supp. 2d 1366, 1378-79
(continued...)

is whether the relevant statute or implementing regulation states a remedy for failure to comply.  If

there is no stated remedy, the second question is whether the rule provides an important procedural

benefit.  If so, the third question is whether substantial prejudice can be demonstrated.  *See*

*Guangdong Chems. Imp.*, 30 CIT at 90, 414 F. Supp. 2d at 1305, referencing *Dixon Ticonderoga*

*Co.*, 29 CIT at 411-12, 366 F. Supp. 2d at 1357.

       The regulation at issue, 19 C.F.R. § 351.303(f)(3)(ii), and its authorizing statute, 19

U.S.C. § 1675(a), do not state consequences for Commerce's failure to comply.  *See Guangdong*

*Chems. Imp.*, 30 CIT at 95, 414 F. Supp. 2d at 1310, referencing *NSK, Ltd. v. United States*, 28 CIT

1535, 1547-49, 346 F. Supp. 2d 1312, 1325 (2004) *aff'd* 481 F.3d 1355 (Fed. Cir. 2007).  The

regulation, a service of notice provision, is intended to provide important procedural benefits to

participants in an administrative review and is not in place merely to provide a "courtesy" to

respondents as argued by the defendant.  Rather, it confers greater regularity and predictability

through distinct filing requirements and rules, and it affords respondents the opportunity to prepare

for participation in an antidumping duty proceeding before it begins.  *PAM, S.p.A. v. United States*,

29 CIT 1194, 1200-01, 395 F. Supp. 2d 1337, 1343-44 (2005), *rev'd and remanded on other*

*grounds*, 463 F.3d 1345 (Fed. Cir. 2006), referenced by *Guangdong Chems. Imp.*, 30 CIT at 95, 414

---

[11] (...continued)
(1999); *Taiyuan Heavy Mach. Imp. & Exp. Corp. v. United States*, 23 CIT 701, 703 (1999); *Dixon Ticonderoga Co. v. U.S. Customs & Border Prot.*, 29 CIT 406, 411-12, 366 F. Supp. 2d 1352, 1356-58 (2005).

F. Supp. 2d at 1310 ("[s]ervice of notice provisions generally provide predictability in the administrative review process, and time for respondents to prepare a response.").[12]

As an interpretive exemplar, Commerce stated in a letter sent to a requesting party for a previous review that it "[w]ill decline to initiate a review of a company which has not been served a copy of the review request, or if you [the requesting party] fail to explain to the Department why a company was not served a copy."[13]  Commerce also indicated in the heading *AR3 Initiation* that it was being initiated "[i]n accordance with the Department's regulations", which include those for requests for reviews and the personal service requirements of 19 C.F.R. § 351.303(f)(3)(ii).  *AR3*

_____

[12]  *See Antidumping Duties-- Countervailing Duties*, 62 Fed. Reg. 27296, 27306 (May 19, 1997) (final rule) (expressing that the purpose of revising the antidumping regulations and later noting that the purpose of amending 19 C.F.R. § 351.202(c) with the words "other filing requirements are set forth in § 351.303" was to "put petitioners on notice as to the existence and location of distinct filing requirements"); *see also Antidumping Duties-- Countervailing Duties,* 61 Fed. Reg. 7308, 7326 (Feb. 27, 1996) (notice of proposed rulemaking and request for public comments) ("[s]ection 351.303 is new, and contains the procedural rules regarding filing, format, service, translation, and certification of documents" and "[p]aragraph (f)(3)(ii) is new, and clarifies the requirements for service of requests for review").

[13]  Pl.'s Resp. at Att. 1 (Letter from Acting Program Manager,  AD/CVD Operations, Office 8, to petitioner's counsel re: "Administrative Review of the Countervailing Duty (CVD) Order on Aluminum Extrusions from the People's Republic of China; 2012" (June 18, 2013)), stating in relevant part as follows:

> Upon review of your request, we noted that, pursuant to 19 C.F.R. 351.303(f)(3)(ii), you did not serve a copy of the review request on [a certain PRC exporter or producer] but rather, on behalf of the companies, served a copy of the request to the Embassy of the [PRC].
> We are providing you until [a time and date certain] . . . to file a revised certificate of service showing that you served a copy of the [petitioner]'s request for review on the above-listed companies or, if you are unable to locate the companies, to demonstrate you made a reasonable attempt to serve a copy of the request on such companies.
> Please understand that we will decline to initiate a review of a company which has not been served a copy of the review request, or if you fail to explain to the Department why a company was not served a copy.

*Initiation Notice*, 76 Fed. Reg. 61076 (Oct. 3, 2011). Commerce itself thus highlights the importance of the procedural benefits conferred by its administrative practices.

Having determined the regulation provides important procedural benefits, the next question to be examined is if Suntec was substantially prejudiced by petitioners lack of service, and "[p]rejudice, as used in this setting, means injury to an interest that the statute, regulation, or rule in question was designed to protect." *Guangdong Chems. Imp.*, 30 CIT at 95, 414 F. Supp. 2d at 1310, referencing *Intercargo Ins. Co.*, 83 F.3d at 396 (citations omitted). On this question, the court previously observed that "[r]espondents . . . rely on service of notice provisions, such as § 351.303(f)(3)(ii), to provide greater regularity in the administrative process and an opportunity to prepare for participation in an investigation before it begins." *Guangdong Chems. Imp.*, 30 CIT at 95, 414 F. Supp. 2d at 1310. To prove substantial prejudice, Suntec, as an intended beneficiary of the procedural protections of 19 C.F.R. § 351.303(f)(3)(ii), must indicate that petitioners' failed service, and Commerce's failure to comply with the regulation thereof, in some way impeded its ability to prepare for and present its case, *i.e.*, respond to and defend its interests in the administrative review.[14]

Suntec's alleged prejudice of loss of customers who refused to pay amounts owed and loss of current and future business is not prejudice of the pertinent kind, because it does not stem from deficient notice of the review request, but instead from Suntec's choice not to respond to the

---

[14] *See, e.g.*, *PAM S.p.A*, 463 F.3d at 1349 ( harm caused by a few weeks' delay in notification remedied by subsequent extensions of time for filing deadlines did not amount to substantial prejudice, and noting plaintiff did not claim its ability to respond to and defend its interests were impeded.); *see also Guangdong Chems. Imp.*, 30 CIT at 95, 414 F. Supp. 2d at 1310 ("[t]here must instead be some indication that failure to comply with the regulation in some way inhibited Guangdong's presentation of its case.").

*AR3 Intiation* despite receiving sufficient constructive notice.  *See* Compl. ¶¶ 18, 32, 39.  However, Suntec's claim that it experienced substantial prejudice by an "inability to participate in the administrative review" as a result of not receiving actual notice that any party had requested a review of its entries indicates that Commerce's unlawful initiation of *AR3 Final* inhibited Suntec's ability to defend its interests and prepare for and present its case in the administrative review.[15]  Compl. ¶ 32, Pl.'s Resp. at 8-9.  To determine if the *AR3 Final* results are voidable requires further consideration of the substantial prejudice Suntec alleges it actually suffered as a result of not receiving actual notice of the review request, which ventures into the merits.  The plaintiff will have its day in court for further exploration of the claim as a matter of fact.  The court will therefore deny defendant's Rule 12(b)(5) motion to dismiss, without prejudice, and will instruct the parties to proceed to the merits.

---

[15]   *Cf. Guangdong Chems. Imp.*, 30 CIT at 95, 414 F. Supp. 2d at 1310 (Guangdong affirmatively stated that it suffered no prejudice except that the administrative review took place); *see also Intercargo Ins. Co.*, 83  F.3d at 396 (plaintiff did not suffer prejudice because the omission of the requisite language from the extension notices had no effect on Intercargo's right to challenge the extensions, and wrongfully imposing a customs duty is not what is meant by prejudice in this instance.); *see also PAM S.p.A..* 29 CIT at 1200, 395 F. Supp. 2d at 1343 n.2, distinguishing *NSK Ltd.,* 28 CIT at 1547-49, 346 F. Supp. 2d at 1324-26 (treating *NSK's* discussion of *Am. Farm Lines* and findings that the regulation did not confer a procedural benefit and *NSK* did not suffer substantial prejudice by a 9-day delay in preparation, as *dicta*, because a "reasonable attempt" at service was made as a result of Commerce "curing" the service defect upon discovery), referenced by *Guangdong Chems. Imp.*, 30 CIT at 95, 414 F. Supp. 2d at 1310 n. 4.

*Conclusion*

　　　　　In accordance with the foregoing, the defendant's motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim is denied.  The parties will therefore submit a joint proposed scheduling order covering further proceeding of this matter by January 6, 2014.

**So ordered.**

　　　　　　　　　　　　　　　　　/s/  R. Kenton Musgrave
　　　　　　　　　　　　　　　　　R. Kenton Musgrave, Senior Judge

Dated: December 6, 2013
　　　　New York, New York